IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHIEN AMEIN PHILLIPS, SR., | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-00229 |
|         v. | : | |
| | : | (Judge Kane) |
| DAUPHIN COUNTY PROBATION | : | |
| AND PAROLE, et al.,[1] | : | |
|     Respondents | : | |

**MEMORANDUM**

Pro se Petitioner Rashien Amein Phillips, Sr. ("Petitioner"), who is a pretrial detainee

confined at the Dauphin County Prison in Harrisburg, Pennsylvania, has petitioned the Court for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  He seeks his release from

custody, as well as the dismissal of the criminal charges that are pending against him in the Court

of Common Pleas of Dauphin County, Pennsylvania.  (Id.)  Pursuant to Rule 4 of the Rules

Governing Section 2254 cases, the Court has given his petition preliminary consideration and,

for the reasons that are set forth below, the Court will dismiss his petition, but without prejudice

to a renewal of the same once Petitioner has availed himself of state court remedies.

**I.      BACKGROUND**

On February 16, 2022, Petitioner, who is currently incarcerated at Dauphin County

Prison, commenced the above-captioned action by filing a petition for a writ of habeas corpus

---

[1] Petitioner has named Dauphin County Probation and Parole and Susquehanna Township Police as the respondents in this matter. (Doc. No. 1.)  In a habeas challenge, however, "the proper respondent is the warden of the facility where the [individual] is being held."  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) ("The logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body." (citation and internal quotation marks omitted)).  Thus, the Court notes that the Warden/Superintendent of Dauphin County Prison is the proper respondent in this matter.

pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  Along with the petition, he also filed a motion for

leave to proceed in forma pauperis.  (Doc. No. 2.)  In response, the Court issued an

administrative Order directing the Warden or other appropriate official at the prison to file a

statement of the current balance in Petitioner's account, as well as a record of the transactions in

his account from the preceding six (6) months.  (Doc. No. 4.)  On February 25, 2022, a statement

of Petitioner's account, as well as a record of the transactions in his account, was filed with the

Court.  (Doc. No. 5.)  The Court, having reviewed Petitioner's motion for leave to proceed in

forma pauperis (Doc. No. 2), as well as the statement and record of his account (Doc. No. 5), will

grant him leave to proceed in forma pauperis (Doc. No. 2) and will deem his § 2254 petition

(Doc. No. 1) filed.

In his § 2254 petition, Petitioner alleges that he has criminal charges pending against him

in the Court of Common Pleas of Dauphin County, Pennsylvania.  (Doc. No. 1 at 1.)  Although

he cites to docket numbers "5260-CR-2019" and "CR 782-2021" (id.), the Court takes judicial

notice of the docket sheets in his criminal cases, CP-22-CR-0005260-2019 and CP-22-CR-

0000077-2022, which are available through the Unified Judicial System of Pennsylvania Web

Portal at https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Phillips, CP-22-CR-

0005260-2019 and CP-22-CR-0000077-2022 (Dauphin Cnty. Ct. Com. Pl., filed Oct. 21, 2019,

and Jan. 7, 2022, respectively).  Those docket sheets reflect that, in CP-22-CR-0005260-2019,

Petitioner is awaiting trial on pending charges of aggravated assault and terroristic threats with

the intent to terrorize another and that, in CP-22-CR-0000077-2022, he is awaiting formal

arraignment on pending charges of false imprisonment and terroristic threats with the intent to

terrorize another.  Id.

Petitioner challenges his ongoing criminal proceedings by arguing that the underlying crimes for which he has been charged did not occur.  (Doc. No. 1 at 5, 7, 11, 14.)  As for relief, he seeks dismissal of these charges and his release from Dauphin County Prison.  (Id. at 5, 8, 12.)  Particularly relevant here, however, is that Petitioner acknowledges that he has not presented any of his arguments to the state court.  (Id. at 2-17.)  Thus, for the reasons discussed below, the Court will summarily dismiss the petition, but without prejudice to Petitioner refiling the same once the state court has had the opportunity to consider his arguments.

## II.      LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See Rule 4, 28 U.S.C. foll. § 2254.

## III.     DISCUSSION

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]"  Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citations omitted).  That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  See 28 U.S.C. § 2241(c)(3).  As explained by the United States Court of Appeals for the Third Circuit, such pretrial jurisdiction "without exhaustion should not be exercised . . . unless extraordinary circumstances are present."  See Moore, 515 F.2d 443 (collecting cases).  And, where no extraordinary circumstances are present, federal district courts are to only exercise such pretrial jurisdiction if a petitioner makes "a special showing" of the need "to litigate the merits of a

constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies." Id.

Here, Petitioner acknowledges that he did not exhaust his state court remedies. In addition, the Court observes that Petitioner has not had a trial at which he could litigate the merit of any constitutional arguments against his pending charges and has likewise not had the opportunity to raise such arguments on direct appeal from a conviction, should it even reach that point. The Court also observes that Petitioner has not demonstrated any extraordinary circumstances that would warrant this Court's review of his arguments before the state court has an opportunity to do so. Finally, the Court recognizes that Petitioner is not seeking to enforce the state's duty to afford him a trial, but rather, he is seeking to disrupt that duty by preventing a trial from happening. See Moore, 515 F.2d at 445-46 (cautioning against the exercise of federal habeas corpus review, where a petitioner is attempting to "abort a trial in the state courts" by seeking dismissal of the pending state charges, as it would authorize pretrial interference by the federal district court in the ordinary functioning of the state court criminal process).

Thus, for all of these reasons, the Court finds that Petitioner is not entitled to the relief he seeks in his § 2254 petition. The Court will, therefore, dismiss his petition without prejudice to him refiling once the state court has had the opportunity to consider his arguments. See generally Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 113 S. Ct. 1071 (1993) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.").

## IV.     CONCLUSION

To conclude, the Court has given the instant petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that review reveals that the instant petition is subject to dismissal.  Specifically, the Court finds that there are ongoing state court criminal proceedings and that Petitioner has not exhausted his state court remedies or otherwise shown any extraordinary circumstances that would warrant pretrial habeas corpus review.  Thus, the Court will dismiss the petition, but without prejudice to Petitioner renewing the same after he has availed himself of the remedies afforded by state law.